UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARLAND J. COLLINS, #475522,

        Plaintiff,

v.

        CASE NO. 2:10-CV-12696
        HONORABLE GEORGE CARAM STEEH

PATRICIA L. SELBY,

        Defendant.
        _____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION
FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
AND DISMISSING THE CIVIL RIGHTS COMPLAINT**

**I.    Introduction**

Michigan prisoner Earland James Collins ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs so that he may proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff names Patricia L. Selby, an attorney from Grosse Ile, Michigan, as the defendant in this action. In his complaint, Plaintiff contests Ms. Selby's actions as his court-appointed attorney in another federal case and asserts that she has violated his federal constitutional rights. He seeks monetary damages, as well as other relief.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil

1

> action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.,*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
|---|---|---|---|
| 08-CV-14881 | Wayne Co. Pros. | 12/22/2008 | Paul D. Borman |
| 09-CV-11785 | Warren Police Dept. | 06/04/2009 | Nancy G. Edmunds |
| 09-CV-12315 | Frank Murphy Hall | 06/22/2009 | Nancy G. Edmunds |
| 09-CV-14355 | St. John Medical Ctr. | 11/16/2009 | George Caram Steeh |

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the

2

danger of serious physical injury exists at the time the complaint is filed.  *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).  A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception.  *Id*.

Plaintiff neither alleges nor establishes that he "is under imminent danger of serious physical injury" so as to fall within the exception to the three strikes provision set forth in 28 U.S.C. § 1915(g).  The events giving rise to his complaint – the actions of his court-appointed counsel – do not concern such matters.  Plaintiff has thus failed to establish that he should be allowed to proceed *in forma pauperis* despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee.  Plaintiff is not authorized to proceed before this Court *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Additionally, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee.  The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendant or summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be

taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

Dated:  July 13, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 13, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk